United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANSAR EL MUHAMMAD a/k/a TONY BENNETT,<br><br>    Petitioner,<br><br>  v.<br><br>SHERIFF AHERN; et al.,<br><br>    Respondents.<br>_____ / | No. C 08-4069 MHP (pr)<br><br>**ORDER OF DISMISSAL** |

     Ansar El Muhammad a/k/a Tony Bennett commenced this action by filing a petition for writ of habeas corpus in which he complained about the conditions of confinement at a county jail, i.e., that his religious freedom rights were being denied. The petition goes entirely to the conditions of his confinement, and success in this action would not affect the duration of his confinement.

     Where, as here, a successful challenge to a prison or jail condition will not necessarily shorten the inmate's sentence or time in custody, a civil rights action under 42 U.S.C. § 1983 is proper and habeas jurisdiction is absent. See Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). In addition, the preferred practice in the Ninth Circuit has been that challenges to conditions of confinement be brought in a civil rights complaint. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition because challenges to terms and conditions of confinement must be brought as civil rights complaint).

Although a district court may construe a habeas petition by a prison or jail inmate attacking the conditions of his confinement as pleading civil rights claims under 42 U.S.C. § 1983, Wilwording v. Swenson, 404 U.S. 249, 251 (1971), the court declines to do so here. The difficulty with construing a habeas petition as a civil rights complaint is that the two forms used by most inmates request different information and much of the information necessary for a civil rights complaint is not included in the habeas petition filed here. Examples of the potential problems created by using the habeas petition form rather than the civil rights complaint form include the potential omission of intended defendants, potential failure to link each defendant to the claims, and potential absence of an adequate prayer for relief. Additionally, there is doubt whether the inmate is willing to pay the $350.00 civil action filing fee rather than the $5.00 habeas filing fee to pursue his claims. The habeas versus civil rights distinction is not just a matter of using different pleading forms. A habeas action differs in many ways from a civil rights action: (1) a habeas petitioner has no right to a jury trial on his claims, (2) the court may be able to make credibility determinations based on the written submissions of the parties in a habeas action, (3) state court (rather than administrative) remedies must be exhausted for the claims in a habeas action, (4) the proper respondent in a habeas action is the warden in charge of the prison (or the sheriff in charge of the jail), but he or she might not be able to provide the desired relief when the inmate is complaining about a condition of confinement, and (5) damages cannot be awarded in a habeas action. While an inmate may think he has found a loophole that allows him to save $345.00 – by filing a habeas petition with a $5.00 fee rather than the usual $350.00 fee for a civil action – the loophole proves unhelpful because he ultimately cannot proceed in habeas and will be charged the $350.00 filing fee to challenge conditions of confinement. It is not in the interest of judicial economy to allow inmates to file civil rights actions on habeas forms because virtually every such case, including this one, will be defective at the outset and require additional court resources to deal with the problems created by the different filing fees and the absence of information on the habeas form.

Lastly, the court notes that this is at least the second time the court has explained this

2

very point to Muhammad, i.e., that conditions of confinement claims need to be asserted in a civil rights complaint rather than a habeas petition. See Order of Dismissal in Muhammad v. Henery, No. C 06-933 MHP. Repeating this error wastes judicial resources and may result in the dismissal of any further habeas petitions that challenge conditions of confinement as malicious for purposes of 28 U.S.C. § 1915(g).

For the foregoing reasons, this action for a writ of habeas corpus is DISMISSED without prejudice to petitioner filing a civil rights action under 42 U.S.C. § 1983, preferably using the court's civil rights complaint form, after he has exhausted the jail's administrative remedies. See 42 U.S.C. § 1997e(a).

The in forma pauperis application is DENIED.

The clerk shall close the file.

IT IS SO ORDERED.

DATED: November 14, 2008

Marilyn Hall Patel
United States District Judge

3